******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

## ARLENE BENNETTA *v.* CITY OF DERBY
## (AC 44871)

Bright, C. J., and Alvord and Alexander, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant city for public nuisance in connection with injuries she sustained when she was physically and sexually assaulted while walking along a public trail in the city. The plaintiff's complaint alleged, inter alia, that the city has a high crime rate and is one of the least safe municipalities in the state, that the city had created or participated in the development of the trail and had invited people of all ages to walk the trail and that the trail was isolated, lacked security and was prone to criminal activity. The plaintiff sought damages under the statute (§ 52-557n (a) (1) (C)) that imposes liability on a municipality when its acts constitute the creation or the participation in the creation of a nuisance. The city moved to strike the complaint, asserting, inter alia, that the plaintiff's public nuisance action was barred by governmental immunity. The trial court granted the city's motion to strike, concluding that the complaint failed to allege that the city created the nuisance by some positive act as required by § 52-557n (a) (1) (C) and that there was no logical nexus by which to attribute the criminal actions of the plaintiff's assailant to the city. Thereafter, the plaintiff filed a substitute complaint, which contained the same allegations as the original complaint and an additional allegation that the city permitted "vandals and other non-law-abiding people" to loiter, roam and congregate on the trail, which created a dangerous condition for people walking the trail. The city filed a motion to strike the substitute complaint, which the trial court granted for the same reasons that it had granted the city's previous motion to strike. Subsequently, the trial court granted the plaintiff's motion for judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Held* that the plaintiff could not prevail on her claim that the trial court erred in granting the city's motion to strike because she properly had alleged in her substitute complaint that the city created the nuisance by a positive act as required by § 52-557n (a) (1) (C): although the plaintiff contended that the nuisance was the dangerous condition of the trail, the allegations viewed in the light most favorable to the plaintiff indicated that the nuisance, if any, was created by the "vandals and other non-law-abiding people" on the trail, and, despite alleging that the city permitted those individuals to be on the trail, the plaintiff did not allege that the city took any action to cause them to commit crimes, and, therefore, because the acts giving rise to the alleged nuisance were those of third parties and because the city's act of participating in the construction of the trail did not create or participate in the creation of a nuisance, the plaintiff failed to allege a legally sufficient cause of action for public nuisance; moreover, insofar as the plaintiff relied on her allegations that the city itself is especially dangerous in arguing that the city's conduct of constructing a trail, permitting "vandals and other non-law-abiding people" on that trail, and inviting the public to walk on the trail created the nuisance, such allegations were not a sufficient basis on which to conclude that the city positively acted to create the alleged nuisance, as the acts giving rise to the nuisance were of third parties and, therefore, were not positive acts of the city, and there was no logical nexus by which to attribute the criminal conduct of the "vandals and other non-law-abiding people" to the city.

Argued April 5—officially released May 24, 2022

*Procedural History*

Action to recover damages for public nuisance, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *Pierson, J.*, granted the defendant's motion to strike the

complaint; thereafter, the court granted the defendant's motion to strike the substitute complaint; subsequently, the court, *Pierson, J.*, granted the plaintiff's motion for judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Andrew J. Pianka*, for the appellant (plaintiff).

*Scott R. Ouellette*, for the appellee (defendant).

*Opinion*

ALVORD, J. In this public nuisance action, the plaintiff, Arlene Bennetta, appeals from the judgment of the trial court rendered after it granted the motion filed by the defendant, the city of Derby, to strike the plaintiff's substitute complaint. On appeal, the plaintiff claims that the court erred in striking her complaint because she properly alleged that the defendant created the nuisance by a positive act as required by General Statutes § 52-557n.[1] We disagree and, therefore, affirm the judgment of the court.

The following facts and procedural history are relevant to our resolution of this appeal. The plaintiff commenced this action on March 27, 2020, by way of a one count complaint, alleging the following: "For many years, from at least the late 1990s to the present, the city of Derby has ranked as one of the least safe municipalities in the state of Connecticut, and continuously experiences high rates of violent and nonviolent crimes." In 2005, the defendant "created or participated in the development of a walking trail located on the west side of Derby along the Naugatuck and Housatonic Rivers. The project sought to invite people of all ages, including women, children, and the elderly to walk the trail."

Specifically, the plaintiff alleged that an area of the public trail located near the "Commodore Hull Bridge was constructed in an isolated area, lacked security, and was prime grounds for criminal activity." The plaintiff alleged that the trail did not have "adequate surveillance cameras, phone stations, emergency call boxes, [or] police patrol," and was "out of sight from the general public." In addition, this area frequently was vandalized and often was visited by panhandlers. On November 2, 2019, the plaintiff, a senior citizen, went for a walk along the trail, and, in the area near the bridge, she was physically and sexually assaulted, suffering prolonged physical and mental injuries as a result. On the basis of these facts, the plaintiff alleged that the defendant was liable in nuisance.

On April 23, 2020, the defendant filed a motion to strike, arguing that the plaintiff's public nuisance action was "barred by recreational use immunity pursuant to [the Connecticut Recreational Land Use Act, General Statutes §§ 52-557f through] 52-557i, and governmental immunity pursuant to . . . § 52-557n for failure to state a claim and failure to allege a positive act." The plaintiff objected. On November 30, 2020, the court, *Pierson, J.*, granted the defendant's motion, determining that, "[e]ven when read in the light most favorable to the plaintiff, the complaint fails to allege any positive act taken by the defendant which led to the creation of a public nuisance" and that "there is no logical nexus by which to attribute the criminal actions of the plaintiff's assailant to the defendant." On December 2, 2020, the

plaintiff filed a motion to reargue, which was denied.

On January 4, 2021, the plaintiff filed a substitute complaint. In addition to the original allegations, the substitute complaint alleged that "the defendant permitted vandals and other non-law-abiding people to loiter, roam, and congregate on and along the [public trail], which created a dangerous condition for those seeking to walk the trail."[2] The defendant filed a motion to strike the substitute complaint as barred by recreational use immunity and governmental immunity. The defendant referenced the court's decision granting its first motion to strike and argued that the inclusion of the allegation that the defendant "permitted vandals and other non-law-abiding people" in the area did "not cure the defective pleading of the plaintiff's original complaint . . . ." Thereafter, on June 11, 2021, the court granted the motion to strike the substitute complaint, stating that "[t]he court agrees with the defendant that the additional allegations of the substitute complaint . . . fail to allege positive acts on the part of the defendant. As a result, and for the reasons stated previously by the court in its November 30, 2020 order . . . the defendant's motion to strike is granted." This appeal followed.[3]

On appeal, the plaintiff claims that she stated a legally sufficient public nuisance claim by alleging that the defendant (1) created or participated in the creation of the public trail in an area prone to criminal activity, (2) invited women, children, and the elderly to walk on the trail, and (3) permitted "vandals and other non-law-abiding people to loiter, roam, and congregate along the [trail] . . . ." The plaintiff contends that this conduct constituted positive acts within the meaning of § 52-557n (a) (1) (C). In response, the defendant argues that, although "the plaintiff alleges that the [defendant] created the [trail], the plaintiff has failed to allege that the criminal attack on her was created by some positive act by the [defendant]. The alleged positive act of creating the [trail] did not harm the plaintiff; it was the positive act of the perpetrator."[4] We agree with the defendant.

"We begin by setting out the well established standard of review in an appeal from the granting of a motion to strike. Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on the [defendants' motion] is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged

by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Connecticut Coalition for Justice in Education Funding, Inc.* v. *Rell*, 295 Conn. 240, 252–53, 990 A.2d 206 (2010).

We next set forth the principles applicable to a nuisance claim brought against a municipality. Our Supreme Court "has stated often that a plaintiff must prove four elements to succeed in a nuisance cause of action: (1) the condition complained of had a natural tendency to create danger and inflict injury [on] person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages. . . . In addition, when the alleged tortfeasor is a municipality, our common law requires that the plaintiff also prove that the defendants, by some positive act, created the condition constituting the nuisance." (Citation omitted; internal quotation marks omitted.) *Picco* v. *Voluntown*, 295 Conn. 141, 146, 989 A.2d 593 (2010). This common-law rule is codified at § 52-557n (a) (1) (C), which provides in relevant part that "a political subdivision of the state shall be liable for damages to person or property caused by . . . acts of the political subdivision which constitute the creation or participation in the creation of a nuisance . . . ."

Our Supreme Court has described the positive act requirement as follows: "[A]t a bare minimum, § 52-557n (a) (1) (C) requires a causal link between the 'acts' and the alleged nuisance. A failure to act to abate a nuisance does not fall within the meaning of the term 'acts,' as used in § 52-557n (a) (1) (C), because inaction does not create or cause a nuisance; it merely fails to remediate one that had been created by some other force. Accordingly, the plain meaning of § 52-557n (a) (1) (C) leads us to conclude that provision imposes liability in nuisance on a municipality only when the municipality positively acts (does something) to create (cause) the alleged nuisance." (Emphasis omitted; footnote omitted.) *Picco* v. *Voluntown*, supra, 295 Conn. 149–50.

A positive act is conduct that "intentionally created the conditions alleged to constitute a nuisance." *Elliot* v. *Waterbury*, 245 Conn. 385, 421, 715 A.2d 27 (1998). "[F]ailure to remedy a dangerous condition not of the municipality's own making is not the equivalent of the required positive act." (Internal quotation marks omitted.) *Brown* v. *Branford*, 12 Conn. App. 106, 112, 529 A.2d 743 (1987). Similarly, permissive continuation of the alleged nuisance is not a positive act. See id. Further, when the conditions comprising the nuisance are acts

committed by third parties, there must be a "logical nexus by which to attribute any of the acts of the [third parties] to the defendant." Id., 113.

The following cases guide our resolution of this appeal. In *Brown* v. *Branford*, supra, 12 Conn. App. 107, the plaintiff instituted a nuisance action against the town of Branford after he "was struck by a motorcycle being driven by an unidentified youth." The plaintiff alleged that the town had "deliberately created" the nuisance; (internal quotation marks omitted) id., 112 n.4; and that "there existed in said area of public land . . . an unsafe and dangerous condition which was the source of numerous complaints from area residents, in that it has been used and frequented by youths from Branford and surrounding towns as a motorcycle race course and as an area where they could congregate, drink alcohol, use drugs and carouse not subject to any control." (Internal quotation marks omitted.) Id., 112 n.5. The trial court granted the defendant's motion to strike. Id., 107. On appeal, this court concluded that, "although perfunctorily stating that 'the said nuisance was deliberately created by the defendant,' [the complaint] recites nothing but a litany of acts amounting at most to a permissive continuation of the alleged nuisance." Id., 112. Because the nuisance was created by the youths with no connection to the defendant, the plaintiff's nuisance complaint failed to set forth a legally sufficient claim for want of a positive act. Id., 112–13.

Similarly, in *Elliot* v. *Waterbury*, supra, 245 Conn. 389, "[the decedent] was jogging on . . . an unpaved road in Morris when he was unintentionally shot and killed by . . . a person who was hunting in the watershed area adjacent to the road and owned by Waterbury." Although the defendant city of Waterbury allowed hunting in the watershed area, the defendant town of Morris did not allow hunting on the road. Id. Our Supreme Court concluded that "[t]he plaintiff . . . has offered no evidence that reasonably could be viewed as establishing that the Morris defendants, by some positive act, intentionally created the conditions alleged to constitute a nuisance." Id., 421. Because "[h]unting adjacent to the public roadway is the condition alleged to constitute the nuisance," and because the plaintiff alleged no facts establishing that the town of Morris did anything to create the nuisance, the plaintiff could not maintain a nuisance cause of action against the town. (Internal quotation marks omitted.) Id., 421–22.

Finally, in *Perry* v. *Putnam*, 162 Conn. App. 760, 762, 131 A.3d 1284 (2016), this court considered the plaintiffs' claim that the trial court improperly had granted the defendant town's motion to strike on the basis that they had failed to allege facts sufficient to support a nuisance action. The plaintiffs alleged that the defendant had constructed a public parking lot next

to their home and further alleged "a litany of annoyances emanating from the parking lot, ranging from vehicle noise, littering of automotive parts, assorted criminal activity, loud music, and headlights shining directly into the plaintiffs' home," interfering with the use and enjoyment of their property. (Internal quotation marks omitted.) Id., 762–63. This court determined that, because "the acts giving rise to the annoyances of which the plaintiffs complain are those of third parties," the defendant's "act of siting and constructing a parking lot did not [create] or [participate] in the creation of a nuisance . . . ." (Internal quotation marks omitted.) Id., 767–68. Accordingly, this court concluded that the trial court properly granted the motion to strike. Id., 768.

In the present case, although the plaintiff argues that the nuisance is the dangerous condition of the public trail, namely, the location of the trail, a reading of the allegations in the light most favorable to the plaintiff discloses that the nuisance, if any, was created by the "vandals and other non-law-abiding people" on the trail. See *Brown* v. *Branford*, supra, 12 Conn. App. 112. Thus, in order to survive a motion to strike, the plaintiff was required to allege facts that establish that the defendant *did something* to *cause* the conduct of the "vandals and other non-law-abiding people . . . ." See *Picco* v. *Voluntown*, supra, 295 Conn. 149–50. She has failed to do so. Although the plaintiff alleged that the defendant permitted the "vandals and other non-law-abiding people" to be on the trail, she did not allege that the defendant took any action to cause those individuals to commit crimes. Because the acts giving rise to the alleged nuisance are those of third parties, namely the "vandals and other non-law-abiding people" on the trail, and because the act of participating in the construction of the trail did not create or participate in the creation of a nuisance, the plaintiff has not alleged a legally sufficient public nuisance cause of action. See *Perry* v. *Putnam*, supra, 162 Conn. App. 768.

Ultimately, the plaintiff relies on her allegations that Derby itself is especially dangerous in arguing that the defendant's conduct of constructing a trail, "permitt[ing] vandals and other non-law-abiding people" on that trail, and inviting the public to walk on the trail created the nuisance.[5] We disagree that such allegations create a sufficient basis on which to conclude that the defendant positively acted to create the alleged nuisance. As in *Perry* v. *Putnam*, supra, 162 Conn. App. 767–68, and *Brown* v. *Branford*, supra, 12 Conn. App. 112, the acts giving rise to the nuisance in the present case are those of third parties and, therefore, are not positive acts of the defendant as required by § 52-557n (a) (1) (C).

Finally, although the plaintiff alleged that "[t]he defendant permitted vandals and other non-law-abiding people" on the public trail, she did not allege any facts

to create a logical nexus between the behavior of the "vandals and other non-law-abiding people" and the defendant. See *Brown* v. *Branford,* supra, 12 Conn. App. 113. The only positive acts alleged with respect to the nuisance are those on the part of the "vandals and other non-law-abiding people" and the individual who attacked the plaintiff while she was walking on the public trail. There is no logical nexus by which the conduct of the "vandals and other non-law-abiding people" can be attributed to the defendant because the only connection between the two is the fact that the conduct occurred on a public walking trail that the defendant helped create.[6] See id., 112–13. We therefore conclude that the trial court properly granted the defendant's motion to strike and rendered judgment thereon.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 52-557n provides in relevant part: "(a) (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance . . . ."

[2] In the substitute complaint, the plaintiff also stated that the section of the trail at issue "is owned and controlled by the state of Connecticut, but developed by the defendant . . . for the benefit of the defendant."

[3] The plaintiff's first appeal was dismissed by this court for lack of a final judgment because the trial court had not yet rendered judgment on the stricken pleading. Thereafter, on August 2, 2021, the trial court granted the plaintiff's motion for judgment, and this appeal followed.

[4] The defendant also argues that the judgment can be affirmed on the alternative ground that it is immune from liability pursuant to §§ 52-557f through 52-557i. Because we conclude that the plaintiff failed to allege a positive act on the defendant's part, we need not address this argument.

[5] During oral argument before this court, in response to a hypothetical question, the plaintiff's attorney conceded that, if the public trail was constructed *before* the crime rate in Derby allegedly increased, the plaintiff would have no argument that the defendant intentionally created the nuisance.

[6] The plaintiff also argues on appeal that the motion to strike could not be granted on this basis because the issue of causation was not raised in the motion to strike. The defendant did, however, assert that there is no logical nexus by which to attribute the acts of the plaintiff's assailant to the defendant in its initial motion to strike, which was incorporated by reference into the second motion to strike. Furthermore, the defendant argued this point before the trial court during the hearing on its second motion to strike.

The plaintiff argues, in the alternative, that there is a logical nexus because "[t]he history of the area, the manner in which it was developed and maintained, and the invitation [to] vulnerable people to be exposed to non-law-abiding people, created a foreseeable risk that people would be victimized." Whether there is a "logical nexus by which to attribute any of the acts of the [third parties] to the defendant"; *Brown* v. *Branford,* supra, 12 Conn. App. 113; is not a question of causation but one of whether the alleged acts of the defendant constitute a positive act—it asks whether there is a connection between the defendant's actions and the third party's actions. See id. In the present case, there is no logical nexus connecting the creation of the public trail to the conduct of the "vandals and other non-law-abiding people" on the trail.